## Ruggiero v. Reid

---

*Timothy B. Fisher*, for plaintiffs.
*P. Patrick Morrissey*, for defendants.

WILLIAMS, S.J., April 8, 1985—Defendants have appealed in forma pauperis from a judgment obtained by plaintiffs in a landlord/tenant action determined by District Justice Clara Pope. In said action plaintiffs recovered money damages and a judgment of possession of the leased premises. There is no dispute concerning whether defendants lack the financial means to render him eligible to file the appeal without paying the filing costs with the prothonotary. The issue before us is whether the appeal acts as a supersedeas as to the judgment of possession since the appeal bond required by D.J.R. 1008(b) has not been filed by defendants. Defendants argue that Pa.R.C.P. 240 eliminates the filing of a bond where appellant files an appeal in forma pauperis.

D.J.R. 1008 provides:

"(a) Receipt by the district justice of the copy of the notice of appeal from the judgment shall operate as a supersedeas, except as provided in subdivision B of this rule.

(b) When an appeal is from a judgment for the possession of real property, receipt by the district justice of the copy of the notice of appeal shall operate as a supersedeas only if the appellant files with the prothonotary a bond, with surety approved by

the prothonotary, conditioned for the payment of any judgment for rent and for damages growing out of occupancy of or injury to the premises rendered against the appellant on appeal. In lieu of such a bond, the court of common pleas may, by local rule applicable to certain classes of cases, permit rental payments becoming due during the court of common pleas proceedings to be deposited in an escrow account in a bank or trust company approved by the court, such deposits to be applied to the payment of any judgment of the kind mentioned above rendered on appeal. If the appellant files such a bond or is permitted to deposit rental payments in escrow in lieu of a bond, the prothonotary shall make upon the notice of appeal and its copies a notation that it will operate as a supersedeas when received by the district justice.

(c) If an appeal is stricken or voluntarily terminated, any supersedeas based on it shall terminate."

It is clear that when a judgment of possession is entered against a tenant, this rule requires the appeal bond to be filed. We do not believe that this rule is in any manner incompatible with Pa.R.C.P. 240.

While the rule clearly applies to all civil actions except actions for divorce and annulment of marriage, and protection from abuse petitions, in our opinion it deals only with filing fees ordinarily charged by the prothonotary. Its purpose is to permit an impecunious appellant to either commence an action or file an appeal without payment of filing fees. It seeks to prevent a situation where the rights of an impecunious person to either commence an action or to appeal from a judgment against him is denied due to financial conditions.

On the contrary D.J.R. 1008 clearly distinguishes between money judgments and possession of property judgments.

Under D.J.R. 1008(a) the appeal automatically operates as supersedeas except as provided by D.J.R. 1008(b), which explicitly states the requirements necessary to cause an appeal to operate as a supersedeas.

There is nothing in D.J.R. 1008(b) which exonerates an impecunious defendant from filing a bond to protect the property owner.

We see good reason for the rule to apply to all appellants without regard to financial ability. The delay caused by the appeal to the common pleas court and a possible appeal from the judgment of the common pleas court to an appellate court, could cause substantial rentor loss to the property owner without any ability on the part of the appellant to compensate for such loss.

Rule 1008(a) provides that the appeal from the money judgment acts as a supersedeas. Since no bond was filed under Rule 1008(b) the appeal does not operate as a supersedeas to the possession judgment.

## ORDER

And now, April 8, 1985, it is ordered that the appeal from the possession judgment is not a supersedeas and the prothonotary's records indicating that the appeal from the judgment of possession acts as a supersedeas shall be stricken.

It is further ordered that the appeal is a supersedeas as to the money judgment.